IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN GARRETT,<br>　　　　Petitioner | : <br> : <br> : | |
| 　vs. | : <br> : | CIVIL NO. 1:CV-13-0684 |
| PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE, et al.<br>　　　　Respondents | : <br> : <br> : <br> : | (Judge Caldwell) |

*M E M O R A N D U M*

I.  *Introduction*

　　　　Calvin Garrett, an inmate at the State Correctional Institution in Houtzdale, Pennsylvania, has filed a pro se petition under 28 U.S.C. § 2254 challenging the decision of the Pennsylvania Board of Probation and Parole concerning the length of time to be served on a robbery offense after he was found to have violated parole.  He makes the following claims.  First, the Board violated due process when it failed to give him credit for time he spent in community corrections centers and inpatient programs.  Second, the Board violated due process by adding two years to his maximum sentence on the robbery offense for a sentence on forgery charges.  On this claim, Petitioner contends the forgery sentence was imposed to run concurrently, but the Board's action made the sentences run consecutively.  He also argues that he was not given credit for the time he spent in custody solely on the Board's detainer and that his new maximum sentence date of February 5, 2018, illegally required him to serve in excess of the remaining balance of

his maximum sentence. Third, Petitioner's procedural due process rights were violated when the Board changed Petitioner's original maximum sentence of March 21, 2013, to February 5, 2018 (later modified to September 11, 2017). Fourth, Petitioner received ineffective assistance of counsel from the attorney appointed to represent him at the hearing held to determine if Petitioner was to receive credit on his robbery sentence for the time he spent in community corrections centers and inpatient programs.

II. *Background*

The parties' submissions provide the following relevant background. On December 27, 1995, Petitioner was sentenced in Philadelphia's court of common pleas to seven to twenty years for robbery. His minimum sentence date was March 21, 2000, and his maximum sentence date was March 21, 2013. (Doc. 19-2, ECF p. 2). Thereafter, on several occasions Petitioner was paroled, re-incarcerated for parole violations, and then reparoled.

On March 8, 2010, the Board reparoled Petitioner to a community corrections center. (Doc. 19-1, Board secretary's Decl. ¶ 22, and Doc. 19-2, ECF p. 27). At that time, Petitioner's maximum sentence date was October 20, 2015, based upon the number of times he had been re-incarcerated for parole violations. (*Id.*).

On August 3, 2011, Petitioner pled guilty to one count of forgery in the Court of Common Pleas of Luzerne County, Pennsylvania. On the same day, he was sentenced to one to two years' imprisonment. (*Commonwealth v. Garrett*, No. CP-40-

CR-727-2011, docket sheet, pp. 2 and 3). The sentence was imposed to run concurrently with any sentence Petitioner was "now serving." (Doc. 24-1, ECF p. 2).

By a decision recorded October 5, 2011, and mailed October 27, 2011, the Board recommitted Petitioner as a technical parole violator for leaving the district without permission and for two counts of drug use. He was also recommitted as a convicted parole violator based on the forgery conviction. Petitioner was ordered to serve twelve months on the technical violations and twelve months on the conviction, to run concurrently, for a total of twelve months backtime. His parole violation "max date" (or maximum sentence date) was also extended to February 5, 2018. (Doc. 19-2, ECF pp. 30-31).

On November 5, 2011, Petitioner filed a petition for administrative review contending he was entitled to credit on his sentence for time he spent in halfway houses, beginning in 2000. (Doc. 19-2, ECF p. 33). In response, (Doc. 19-2, ECF p. 36), the Board stated it would not address his claim for time spent in halfway houses in 2000 or 2003, as Petitioner had made the same claim in a petition for review in July 2009, which the Board had dismissed as an untimely challenge to its September 2003 decision. (Doc. 36-1, ECF pp. 2 and 4). Petitioner's current challenge was therefore viewed as a second or subsequent request that was barred by Pa. Code § 73.1(b)(3). (Doc. 19-2, ECF p. 36). On December 20, 2011, the Board did hold a hearing to determine if time spent in three community corrections centers in 2006, 2007 and 2010 should be credited to his

sentence under *Cox v. Pennsylvania Board of Prob. & Parole*, 507 Pa. 614, 493 A.2d 680 (1985).[1]  The Board appointed counsel to represent Petitioner at the hearing.

By a decision recorded January 11, 2012, and mailed January 19, 2012, the Board denied the request for credit for the time spent in the community corrections centers. Based on the hearing, it made findings of fact and conclusions of law in support of its decision. (Doc. 19-2, ECF pp. 44-46).

Petitioner filed a pro se administrative appeal, which was received by the Board on February 2, 2012. (Doc. 19-2, ECF p. 48). The Board also interpreted this appeal as a challenge to Petitioner's new maximum sentence date of February 5, 2018. In a decision mailed on March 19, 2012, the Board denied the appeal on both grounds. (Doc. 19-2, ECF pp. 50-51).[2]

On June 20, 2012, Petitioner filed a pro se petition for review in the Pennsylvania Commonwealth Court. (Doc. 19-1, ECF p. 10, docket sheet). This petition challenged the denial of credit and also asserted counsel was ineffective at the hearing and was otherwise ineffective. (Doc. 19-2, ECF pp. 56-57). On July 16, 2012, the

---

[1] In *Cox*, the Pennsylvania Supreme Court, as a matter of state statutory law, and interpreting the relevant provision of the Pennsylvania Parole Act (now located at 61 Pa. Con. Stat. Ann. § 6238(a)(2)), held that an inmate is entitled to credit on his sentence if the factual circumstances show the restrictions on his liberty at those centers were the equivalent of incarceration. 507 Pa. at 619, 493 A.2d at 683.

[2] However, by a decision mailed May 21, 2013, the Board recalculated Petitioner's maximum sentence date to September 11, 2017, to provide him credit for the time he spent incarcerated solely on the Board's detainer from March 29, 2011, to August 3, 2011, while awaiting disposition on the forgery charge. (Doc. 19-1, Board secretary's Decl. ¶ 30, ECF pp. 6-7; Doc. 19-2, ECF p. 54).

commonwealth court quashed the petition as untimely since the deadline for filing was April 18, 2012. (Doc. 19-1, ECF p. 12). On July 30, 2012, Petitioner filed a petition to file a petition for review nunc pro tunc. (Doc. 19-1, ECF p. 10). On August 6, 2012, the commonwealth court denied the petition, finding no basis for permitting an untimely filing and noting that Petitioner had "not exlain[ed] the delay in filing his petition for review." (Doc. 19-1, ECF p. 14). On October 24, 2012, Petitioner filed in the Pennsylvania Supreme Court a petition for leave to file a petition for allowance of appeal nunc pro tunc. (*Garrett v. Pennsylvania Board of Prob. & Parole*, No. 205 EM 2012). On February 11, 2013, the court denied the petition. (Doc. 21, ECF p. 32).

III.  *Discussion*

The respondent Board first argues that the petition should be dismissed because Petitioner procedurally defaulted on his state-court remedies by not timely pursuing them in state court.

A 2254 petition cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished "by fairly presenting each claim at each stage of the state's established appellate review process." *Villot v. Varner,* 373 F.3d 327, 337 (3d Cir. 2004). After the Board's March 2012 denial of Garrett's petition for administrative review, he could have availed himself of judicial remedies, a petition for review in the commonwealth court, *see Evans v. Pennsylvania Dep't of Corr.,* 713 A.2d 741, 742-43 (Pa. Commw. Ct. 1998), and then discretionary review in the state supreme court. *McMahon v. Commonwealth,*

*Pennsylvania Bd. of Prob. & Parole,* 504 Pa. 240, 241-42, 470 A.2d 1337, 1337 (1983). Since state remedies are no longer available to Petitioner, he cannot exhaust those remedies, and he is now in procedural default. *See Collins v. Secretary of Pennsylvania Dep't of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014). A federal court cannot consider claims in a section 2254 petition that have been procedurally defaulted. *Id.* at *8.

In opposition, Petitioner contends that he did not procedurally default because he did in fact pursue appeals to the commonwealth court and the supreme court. Petitioner is mistaken. He is in procedural default because he failed to pursue those appeals within the time limit set by state law. *See Hutchinson v. Pennsylvania Bd. of Prob. & Parole*, 457 F. App'x 101, 103 (3d Cir. 2011)(nonprecedential)(untimely appeal to the state courts from a parole-revocation decision constituted a procedural default).

Petitioner next argues that any procedural default is excused because his hearing counsel was ineffective in not filing a timely petition for review in the commonwealth court when Petitioner asked him to do so. Ineffective assistance of counsel can excuse a procedural default. *See Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008). However, the Sixth Amendment right to assistance of counsel does not apply in parole-revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 1763, 36 L.Ed.2d 656 (1973). Instead, a parolee has a due-process right to counsel on a case-by-case basis. *Id.* Accordingly, claims of ineffective parole–revocation counsel have not been recognized. *See Alford v. Pennsylvania Bd. of Prob. & Parole*, No. 12-CV-2616, 2013 WL 4080007, at *12 (M.D. Pa. Aug. 13, 2013);

*Hutchinson v. Pennsylvania Bd. of Prob. & Parole*, No. 09-CV-2543, 2010 WL 3025122, at *2 (M.D. Pa. July 29, 2010); *Burgess v. Holt*, No. 06-CV-1954, 2007 WL 2212811, at *7 (M.D. Pa. July 31, 2007)(collecting cases).

However, we can ignore exhaustion and procedural-default issues if we are going to deny the petition on the merits. *See Boettlin v. Smeals*, 523 F. App'x 867, 869 n.3 (3d Cir. 2013)(nonprecedential)(citing 28 U.S.C. § 2254(b)(2) which authorizes a federal court to deny unexhausted claims on the merits). We have decided that Petitioner's claims are not meritorious, and so we will look past any exhaustion or procedural default issues.[3]

A. *Petitioner's First Claim*

Petitioner's first claim is that he was entitled under *Cox v. Pennsylvania Bd. of Prob. & Parole*, 507 Pa. 614, 493 A.2d 680 (1985), and *McMillian v. Pennsylvania Bd. of Prob. & Parole*, 824 A.2d 350 (Pa. Commw. Ct. 2003), to credit on his sentence for time spent in community corrections centers. The difficulty with this claim is twofold. First, it is a state-law claim, and state-law claims cannot be adjudicated in section 2254 proceedings, which deal only with claims based on federal law. *See Swarthout v. Cooke*,

---

[3] We observe that in his reply brief (Doc. 38), Petitioner complains that Respondents did not file any opposition to his second, third and fourth claims until we required them to file a response to the second and third claims by order of March 5, 2014. Petitioner argues Respondents should be considered in default of these claims. We reject this argument. We do not enter default judgments in habeas proceedings. *United States v. Dill*, 555 F. Supp. 2d 514, 520-21 (E.D. Pa. 2008)(28 U.S.C. § 2255 motion); *Lemons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1995). And, as we noted in our March 5 order, a brief from Respondents would be of assistance in resolving the petition.

___ U.S. ___, ___, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011).  Second, federal law does not appear to offer Petitioner any protection in the circumstances of this case. Broadly speaking, a prisoner has no constitutionally created liberty interest in the expectation of parole, *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)(dealing with denial of parole), and we have been unable to locate any opinion of the United States Supreme Court (or the Third Circuit) dealing with the effect of a parolee's tenure at a community corrections center or similar institution on his liberty interest in remaining in, or returning to, the community.[4] We therefore find that this claim lacks merit.

B. *Petitioner's Second Claim*

Petitioner's second claim makes the following arguments.  First, the Board violated due process when it failed to give him credit on the robbery sentence for the time he was incarcerated solely on the Board's detainer after he made bail on the forgery charge.  This argument lacks merit because the Board did grant him credit for this time. By a decision mailed May 21, 2013, the Board recalculated Petitioner's maximum sentence date to September 11, 2017, to provide him credit for this time -- March 29, 2011, to August 3, 2011.  (Doc. 19-1, Board secretary's Decl. ¶ 30, ECF pp. 6-7; Doc. 19-2, ECF p. 54).

---

[4] In *George v. Kerestes*, No. 11-CV-848, 2012 WL 1942073, at *7 (M.D. Pa. May 29, 2012), the court suggested there was no constitutional violation if the Board did not take into account time spent at a community corrections center.

Second, the Board erred by adding two years to his maximum sentence on the robbery offense for a sentence on forgery charges when the forgery sentence was imposed to run concurrently, not consecutively. According to Petitioner, the sentence on the forgery conviction began running on August 3, 2011, the date it was imposed, and expired at the latest on August 3, 2013. We reject this argument because 61 Pa. Con. Stat. Ann. § 6138(a)(5) provides that if the Board imposes a new term to be served on the original sentence, "the service of the balance of the term originally imposed . . . shall precede the commencement of the new term imposed" by the later conviction. This provision applies even if the court that imposed the later sentence ordered that it run concurrently with any previously imposed sentence. *See Commonwealth v. Dorian*, 503 Pa. 116, 117, 468 A.2d 1091, 1092 (1983); *Walker v. Meisel*, No. 09-CV-6136, 2012 WL 440686, at *2 (E.D. Pa. Feb. 10, 2012). Running the sentences in this way does not violate federal law. *Wilkinson v. Cameron*, No. 10-CV-1435, 2010 WL 4791661, at *9-10 (M.D. Pa. Nov. 18, 2010)("there is no inherent constitutional right to concurrent sentences, nor is there a constitutional right regarding which sentence should be served first"). Petitioner cites *McCray v. Pa. Dep't of Corr.*, 582 Pa. 440, 872 A.2d 1127 (2005); *Powell v. Pa. Dep't of Corr.*, 14 A.3d 912 (Pa. Commw. Ct. 2011); *Oakman v. Dep't of Corr.*, 903 A.2d 106 (Pa. Commw. Ct. 2006); and *Oakman v. Dep't of Corr.*, 893 A.2d 834 (Pa. Commw. Ct. 2006). However, those cases are distinguishable because they do not deal with section 6138(a)(5)'s requirement that a convicted parole violator serve the original sentence before the new sentence.

Third, Petitioner argues the time he was on bail should have been applied to his twelve months of backtime.  However, as noted above, the Board did give Petitioner credit for the time he spent on bail.  Fourth, Petitioner argues that the parole violation max date of February 5, 2015, requires him to serve in excess of the entire remaining balance of his term set by the original max date of March 21, 2013.  We disagree.  Since Petitioner is a convicted parole violator he is required to serve the remaining balance plus "the time he was at liberty on parole."  61 Pa. Con. Stat. Ann. § 6138(a)(2)(a convicted parole violator "shall be give no credit for the time at liberty on parole"); *Rivers v. McGrady*, No. 12-CV-0195, 2012 WL 4061511, at *11-12 (M.D. Pa. Aug. 10, 2012)(magistrate judge's report adopted at 2012 WL 4056642 (M.D. Pa. Sept. 14, 2012))(citing *Richards v. Pa. Bd. of Prob. & Parole*, 20 A.3d 596, 597 (Pa. Commw. Ct. 2011)).

   C.  *Petitioner's Third Claim*

Petitioner's third claim makes five arguments.  First, his procedural due process rights were violated when the Board changed Petitioner's original maximum sentence of March 21, 2013, to February 5, 2018.  We have already dealt with this contention.

Second, section 6138(a)(2) violates the separation-of-powers doctrine by limiting the sentencing power conferred on state courts by 42 Pa. Con. Stat. Ann. § 9721(a), which deals generally with the court's sentencing power.  We see no federal

separation-of-powers issue presented by these two statutory provisions.  *See generally, United States v. MacEwen*, 445 F.3d 237, 252 (3d Cir. 2006).

Third, section 6138(a)(2) is in conflict with section 6138(a)(5) because the term of imprisonment allowed by the former section is not authorized by the latter.  We see no conflict in the statutory provisions.  Section 6138(a)(2) requires a convicted parole violator to serve the remainder of his term without credit for his time on parole.  Section 6138(a)(5) sets the timing for service of that term, before service of the sentence on the new conviction.

Fourth, section 6138 does not provide the Board with the necessary authorization to recalculate delinquent time or good time or to add the recalculated time to the original maximum term imposed; the section only authorizes service of the original sentence.  We disagree.

Fifth, the new maximum parole date violates the Double Jeopardy Clause because the Board is essentially imposing a second sentence for the same offense.  *See United States v. Lacy*, 446 F.3d 448, 455 (3d Cir. 2006)(in part, the Double Jeopardy Clause protects against multiple punishments for the same offense).  We disagree.  The Board was not imposing a second sentence; it was requiring Petitioner to serve time on a sentence already imposed.

D.  *Petitioner's Fourth Claim*

Petitioner's fourth claim is that his counsel was ineffective at the hearing held pursuant to *Cox*, *supra*, to determine if Petitioner was entitled to credit on his

-11-

sentence for time spent in community corrections centers. That hearing was held on two separate stays at Conewago Wernersville community corrections center in 2006, a stay at the Crispus Attucks community corrections center from September 2006 through March 2007, and two stays at the MinSec Hazleton Treatment Center during 2010.

As we noted above, the Sixth Amendment right to assistance of counsel does not apply in parole-revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 1763, 36 L.Ed.2d 656 (1973). Instead, a parolee has a due-process right to counsel on a case-by-case basis. *Id.* Accordingly, claims of ineffective parole–revocation counsel have not been recognized. *Alford, supra,* 2013 WL 4080007, at *12. Nonetheless, even assuming that Petitioner had a constitutional right to counsel at the hearing, his claim fails.[5]

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-prong test to establish ineffective assistance of counsel. First, counsel's performance must be deficient. *Jacobs v. Horn,* 395 F.3d 92, 102 (3d Cir. 2005)(citing *Strickland*). Second, counsel's deficient performance must have prejudiced the defense. *Id.* (quoting *Strickland*). A petitioner must "show 'that there is a reasonable probability

---

[5] Since we assume a federal right to assistance of counsel, Petitioner's claim based on that right can arise from counsel's failure to properly represent him on an issue of state law. *See Medina v. Diguglielmo,* 461 F.3d 417, 427–28 (3d Cir. 2006)(entertaining a federal ineffectiveness claim based on counsel's failure to employ Pennsylvania law on the testimonial competency of a witness under the age of fourteen). Here, the state-law issue is whether Petitioner was entitled under *Cox, supra,* to credit on his sentence for time spent in community corrections centers.

that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 105 (quoting *Strickland*).

Under *Cox*, *supra*, a parolee whose parole has been revoked is entitled to credit on his sentence for time spent in community corrections centers if the factual circumstances show that the restrictions on his liberty at the centers were the equivalent of incarceration. 507 Pa. at 619, 493 A.2d at 683. The analysis is made on a case-by-case basis. *Torres v. Pennsylvania Bd. of Prob. & Parole*, 861 A.2d 394, 397 (Pa. Commw. Ct. 2004). "[T]he most important factors in the analysis are (1) whether the parolee is 'locked in' the facility and (2) whether the parolee 'may leave without being physically restrained.'" *Williams v. Pennsylvania Bd. of Prob. & Parole*, 2013 WL 3156577, at *3 (Pa. Commw. Ct. 2013)(nonprecedential)(quoting *Figueroa v. Pennsylvania Bd. of Prob. & Parole,* 900 A.2d 949, 952 (Pa. Commw. Ct. 2006)).

Petitioner argues the restrictions were the equivalent of incarceration, based on the following: he was required to comply with the facility's rules and regulations and had to participate in mandatory programs; he was given leisure time based on status and behavior; if he left the facility, he would have received an escape charge, been considered as having absconded and would have been reincarcerated in a state correctional institution; he had to sign in and out; and had to be present for mandatory counts. (Doc. 1-1, ECF p. 2). There was also an initial blackout period at each facility upon arrival. (Doc. 21, ECF p. 7).

The Board concluded that the restrictions on Petitioner's liberty at the centers were not the equivalent of incarceration based, in material part, on the following findings of fact from the record at the hearing: (1) the community corrections centers "in no way detained or refused [Petitioner's] right to depart the facility under his own power"; and (2) "none of the facilities restricted [his] ability to leave because the doors did not restrict unencumbered departure, residents were allowed to leave with permission and would not be charged with escape for failing to return to the facility." (Doc. 19-2, ECF p. 45).[6] These factual findings are supported by the testimony of the facilities' representatives, (Doc. 27-1, hearing transcript), and support the conclusion that Petitioner was not entitled to credit for time spent in the community corrections facilities. *See Figueroa, supra,* 900 A.2d at 952-53.

An initial blackout period is not the equivalent of incarceration if the parolee can nonetheless leave. *Meleski v. Pennsylvania Bd. of Prob. & Parole,* 931 A.2d 68, 70, 74 (Pa. Commw. Ct. 2007)(refusing credit for a blackout period at a community corrections center called Coleman Hall where the parolee would not be restrained from leaving during that period although he would be reported as an absconder). Here, representatives from the community corrections centers all testified that, generally, a parolee would not be prevented from leaving the facility (Doc. 27-1, ECF pp. 25, 41-42, and 49-50), so the presence of a blackout period does not affect the Board's conclusion.

---

[6] The parolee might, however, be found to be in violation of his parole. (Doc. 27-1, ECF pp. 25, 42, and 47).

Petitioner has also relied on *McMillian v. Pennsylvania Bd. of Prob. & Parole*, 824 A.2d 350 (Pa. Commw. Ct. 2003), and *Commonwealth v. Chiappini,* 566 Pa. 507, 782 A. 2d 490 (2001). *McMillian* does not apply because that case dealt with residents of a community corrections center on prerelease status, not on parole. *Burke* v. *Pennsylvania Bd. of Prob. & Parole*, 2014 WL 546709, at *3 (Pa. Commw. Ct. 2014)(nonprecedential). *Chiappini*, a plurality opinion that dealt with sentencing credit for time spent in home detention on electronic monitoring, was abrogated in *Commonwealth v. Kyle*, 582 Pa. 624, 874 A.2d 12 (2005).

Based on the foregoing, even if Petitioner had the right to counsel at his hearing, he has not established a violation of that right because he has not shown prejudice, that there is a reasonable probability that the result of the proceeding would have been different. In fact, he has not satisfied the first part of the test either, for he has not shown in what way his counsel's conduct was deficient.

In his traverse, he claims his attorney simply told him at the hearing to "go ahead" and abandoned him. (Doc. 21, ECF p. 2). However, the transcript does not support that contention. (Doc. 27-1, ECF pp. 1-55, transcript).

In his reply brief (Doc. 38), Petitioner argues that the Board failed to credit him with time he spent at the following community corrections centers or drug treatment centers: Kintock, Lycoming House and the Beacon Center. (Doc. 38, ECF p. 3, citing Petitioner's traverse, Doc. 21, ECF pp. 4-5).

The reason why the Board did not address Petitioner's stays at Kintock, Lycoming House and the Beacon Center is because it was dealing only with stays at community corrections centers after 2006, having determined that his challenges involving stays in 2000 and 2003 had been untimely made, not untimely made when Petitioner had counsel but untimely made on an earlier challenge to the Board's determination. The Board told Petitioner this, (Doc. 19-2, ECF p. 36), and the hearing explored solely the stays at Conewago Wernersville, Crispus Attucks and MinSec Hazleton Treatment Center. We decline to grant relief in these circumstances, as Petitioner does not explain how his lawyer could have overcome this procedural obstacle.

Petitioner also argues the transcript does not reflect that during his first ninety days at MinSec Hazleton, he was only allowed to leave the center for doctor appointments. (Doc. 38, ECF p. 4). Petitioner is mistaken. The transcript does contain this evidence. (Doc. 27-1, ECF p. 46).

IV. *Conclusion*

We will issue an order denying the section 2254 petition. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long

as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

                                                   /s/William W. Caldwell
                                                   William W. Caldwell
                                                   United States District Judge

Date: May 14, 2014